David L. SKAGGS, Movant,

v.

Carroll M. REDFORD, Jr., Commonwealth's Attorney, 43rd Judicial District, Respondent.

No. 92–SC–147–TG.

Supreme Court of Kentucky.

Nov. 19, 1992.

Rehearing Denied Feb. 18, 1993.

Thomas M. Ransdell, Asst. Public Advocate, Frankfort, for movant.

Chris Gorman, Atty. Gen., Thomas J. Hellmann, Asst. Atty. Gen., Civil Div., Frankfort, for respondent.

LEIBSON, Justice.

Appellant was convicted of the murders of Herman Matthews and his wife, May Matthews, and sentenced to death for both crimes. His conviction was affirmed on direct appeal to this Court, *Skaggs v. Commonwealth*, Ky., 694 S.W.2d 672 (1985), with certiorari denied by the United States Supreme Court, 476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986). Apparently he has now exhausted his efforts to seek postconviction relief by collateral attack on the judgment in the Kentucky courts, and he is preparing to file his first petition for habeas corpus in the federal courts. He has filed this case, a civil action in Barren Circuit Court, against Carroll M. Redford, Jr., the Commonwealth Attorney who prosecuted him, demanding access to all records in the Commonwealth Attorney's possession relating to his prosecution, claiming entitlement under the Kentucky Open Records Act, KRS 61.870, *et seq.*, and that none of the exemptions to the Act in KRS 61.878 apply to his case. The crux of his argument is thus stated in his Brief:

"Obviously, appellant would like to examine appellee's file to make certain that appellee did not inadvertently or deliberately fail to disclose exculpatory material which would render his sentence invalid. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, the disclosure of such evidence, even at this late date, would not prejudice the Commonwealth. The Commonwealth has no legitimate interest in seeing appellant executed, unless he has been afforded due process of law. This would include full disclosure of exculpatory material."

The trial court dismissed the Complaint on Motion for Summary Judgment, in an Order providing a three-step analysis: (1) the Open Records Act, KRS 61.878(1)(j) (now (k) in the 1992 revision), exempts public records from disclosure if another statute prohibits or restricts such disclosure; (2) KRS 447.154 provides that the General Assembly cannot limit the right of the court of justice to promulgate rules of practice and procedure; and (3) the court of justice has promulgated rules concerning

the proper scope of discovery and appropriate limits thereon. Since these rules do not include open trial discovery against the Commonwealth Attorney, this case is exempted from the Open Records Act.

The appellant appealed and moved for transfer of the appeal to this Court. We granted the Motion to Transfer, and affirm. The thrust of the appellant's appellate argument seems to be that further proceedings in federal courts collaterally attacking the appellant's conviction by writ of habeas corpus are beyond the scope of the exemptions in the Kentucky Open Records Act. The appellant's position is that the appellee's file may be exempt from the Open Records Act while his criminal prosecution is pending, but once it has been completed the Commonwealth Attorney's file is a public record open to inspection to the same extent as the records of any other public agency.

The Commonwealth responds that the criminal prosecution is not completed, and that under KRS 61.878(1)(g), the records of law enforcement agencies which were "compiled in the process of detecting and investigating statutory or regulatory violations" are exempt if the information would harm the agency "prospective law enforcement action." The question is whether the prospect of a federal habeas corpus action, which is now admittedly under active consideration by the appellant's post-conviction counsel, qualifies as "prospective law enforcement action." The appellant argues that this exemption is for police action in pursuing uncharged crimes, and does not fit this case. But we agree with the Commonwealth that the exemptions in the Open Records Act should be construed in a manner sufficiently broad to protect a legitimate state interest, and that the state's interest in prosecuting the appellant is not terminated until his sentence has been carried out. The Office of Commonwealth of Attorney and the Office of Attorney General, together, represent the state's prosecutorial function in this case. The Attorney General will be called upon to represent the Commonwealth in future litigation which is the underlying purpose of the appellant's present discovery efforts, and the Commonwealth Attorney will be called upon to assist the Attorney General in an appropriate manner. A common sense approach dictates that the defense of the prospective habeas corpus proceedings is part of the "law enforcement action" in the appellant's case. We agree with the appellee that the records fall within the provisions of KRS 61.878(1)(g), and as such they are "public records exempted under this provision [until] after enforcement action is completed."

The Commonwealth Attorney does not prosecute an accused on his own behalf, but on behalf of the Commonwealth. Whether the Office of the Attorney General or the Commonwealth Attorney is representing the Commonwealth, it is the state's interest that they represent, and it is the state's interests that are being protected by KRS 61.878(1)(g).

Before 1992, what is above referred to as KRS 61.878(1)(g) was numbered KRS 61.878(1)(f). In 1992, when renumbered, it was also amended to add the following:

"... however, records or information compiled and maintained by county attorneys or Commonwealth's attorneys pertaining to criminal investigations or criminal litigation shall be exempted from the provisions of KRS 61.870 to 61.884 and shall remain exempted after enforcement action, including litigation, is completed or a decision is made to take no action."

Appellant argues, vehemently, "these changes ... came about as a result of, and only after, the filing of appellant's law suit.... statutes will not be given a retroactive effect if they impair vested rights, or if the intention to give retroactive effect is not clearly expressed in the statute."

If these changes "came about as a result of, and only after, the filing of appellant's law suit," there is every reason to believe the General Assembly intended retroactive effect to apply to this lawsuit. However, we need not decide the question of "retroactive effect," because, as we construe the statute, the Commonwealth Attorney's records in the appellant's case were already exempt under the obvious intention of the statute as it stood prior to amendment.

The amendment is nothing more than a clarification of the obvious.

A secondary issue in this case is whether some portions of the Commonwealth Attorney's file would be exempt in any event, under judicial rules of practice and procedure which pertain to the "work product" doctrine (CR 26.02(3)) and the attorney/client privilege. The appellee claims that the exemption would apply only to the mental impressions, conclusions, opinions and legal theories of the attorney as contained in the file, but the work product doctrine and the attorney/client privilege, where they apply, are broader than that. While we agree with the appellant that if portions of the file were otherwise discoverable, KRS 61.878(4) would make it incumbent upon the Commonwealth Attorney to "separate the excepted material and make the nonexcepted material available for examination," the issue is moot because the entire file is protected from disclosure until the prosecution of the appellant is completed.

The appellant argues our interpretation of the Open Records Act, postponing availability of the Commonwealth Attorney's file in his case so long as the possibility of further judicial proceedings in his case remains a significant prospect, is unduly harsh, because it means that the more serious the criminal conviction and sentence the longer the convicted criminal's file will remain closed. While we agree that this result will follow, we disagree that it represents a fundamental unfairness, because the judicial rules of practice and procedure that apply to this case, and all such cases, require the Commonwealth to make discovery of all information to which the defendant is legitimately entitled during the prosecution of the action. We have no reason to utilize as a working premise that the Commonwealth Attorney's potential abuse of the law of discovery needs to be investigated. There is not a single bit of evidence to suggest that such is the case here. In any case where there is substantial evidence presenting a reason to investigate the file of a Commonwealth Attorney, we must trust that the system will provide adequate relief.

The bottom line is the appellant's claim is nothing more than that a convicted criminal should have complete access to the prosecutorial file once his conviction has been affirmed on direct appeal. The Kentucky Open Records Act neither intended nor provided for such a result.

The judgment of the trial court is affirmed.

All concur.